UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY MISIEWICZ,

                             Petitioner,

v.

MARK McCULLICK,

                             Respondent.

_____/

Case No. 2:19-cv-11121

Paul D. Borman
United States District Judge

## OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS

This is a habeas case filed by a Michigan prisoner under 28 U.S.C. § 2254. Petitioner Timothy Misiewicz pled guilty in the Wayne Circuit Court to armed robbery, assault with intent to cause great bodily harm, and to being a fourth-time habitual felony offender. Petitioner was sentenced under the terms of a plea agreement to 10 to 20 years' imprisonment.

The petition raises two claims: (1) Petitioner's plea was involuntarily entered because he did not understand the nature of the charges and because his counsel was ineffective, and (2) Petitioner's sentence was unreasonable. The Court will deny the petition because the claims lack merit. The Court will also deny Petitioner a certificate of appealability, and it will deny permission to appeal in forma pauperis.

# I. BACKGROUND

On April 6, 2016, Petitioner attacked an elderly man, Roy Fogelson, by striking him on the head with a flashlight and taking his wallet. (ECF No. 9-8, Plea Transcript, PgID 157-58.) The incident was witnessed by another man who tackled Petitioner and detained him. (*Id.*) As a result of this conduct, Petitioner was charged with armed robbery, assault with intent to commit great bodily harm, and with being a fourth-time habitual felony offender. (*Id.* at PgID 160.)

The parties reached a plea bargain on the date scheduled for trial. (*Id.* at PgID 154.) Defense counsel indicated at the plea hearing that the sentencing guidelines were calculated to call for a minimum term between 108 and 360 months. (*Id.*) The court indicated that if Petitioner pled guilty to the charged offenses, it would sentence Petitioner to a term of 10 to 20 years. (*Id.*) The court asked Petitioner if he wished to accept the deal, and Petitioner answered, "yes." (*Id.*)

The court placed Petitioner under oath. It advised Petitioner that by accepting the plea bargain, he would be giving up his trial rights, and he would be agreeing to serve a 10 to 20 year sentence with the Michigan Department of Corrections. (*Id.* at PgID 154-55.) The court reiterated that Petitioner would be giving up the rights indicated in the guilty plea form that Petitioner signed. (*Id.*) Petitioner indicated his understanding, and he acknowledged that his signature appeared on the form. (*Id.*)

Petitioner affirmed that he reviewed the rights he was waiving with his attorney. (*Id.*) Petitioner denied that he was promised anything other than what was discussed on the record, and he denied the existence of any threats to obtain his plea. (*Id.*) The court asked Petitioner if he was freely and voluntarily pleading guilty, and Petitioner indicated "yes, sir." (*Id.*)

Petitioner then testified to a factual basis for his plea. He testified that on the date of the incident he ran into the victim onto the street and hit him in the head with a flashlight. (*Id.* at PgID 157.) He stated that he then took the victim's wallet. (*Id.* at PgID 157-58.) Although Petitioner stated that he "just wasn't thinking" when he struck the victim, he admitted that he knew that striking the victim in the face with the flashlight given his age could cause a serious injury. (*Id.* at PgID 158-59.) Petitioner agreed that he had at least seven prior felony convictions. (*Id.* at PgID 159.)

The court subsequently sentenced Petitioner to the agreed upon 10 to 20 year sentence. (ECF No. 9-9, Sentencing Transcript, PgID 173.)

Petitioner was subsequently appointed appellate counsel who filed a motion to withdraw the plea and for resentencing. (ECF No. 9-5, Post-Conviction Transcript, PgID 120.) Appellate counsel asserted that Petitioner did not knowingly or voluntarily enter his plea when he never admitted to intending to injure the victim and claiming instead during his plea that he "just wasn't thinking." (*Id.* at PgID 124-25.) Without

providing the court with any documents or records to support the allegation, appellate counsel also asserted that Petitioner suffered from long-term cognitive deficiencies. (*Id.* at PgID 127, 129.) The trial court denied the motion, noting that at the plea hearing Petitioner testified that he knew the beating could result in serious injury, satisfying the elements of the assault charge. (*Id.* at PgID 129-30.) The court likewise rejected Petitioner's claim that the alleged cognitive impairment prevented him from understanding what he was doing when he pled guilty. (*Id.* at PgID 131.) The court indicted that based on its observations, Petitioner understood what he was doing during the plea proceeding, and there was no indication of impairment warranting a referral to the Forensic Center for an evaluation as to his competency. (*Id.* at PgID 130-31.) Finally, the court found that Petitioner's claim that his sentence was unreasonable was without merit because it was at the low end of the recommended guideline range. (*Id.* at PgID 131.)

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the same claims he presents in the instant habeas petition. The Michigan Court of Appeals denied the application "for lack of merit in the grounds presented." *People v. Misiewicz*, No. 338928 (Mich. Ct. App. August 14, 2017). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, again rasing the same claims. The Michigan Supreme Court denied the application

because it was "not persuaded that the questions presented should be reviewed." *People v. Misiewicz*, 501 Mich. 1038 (2018) (Table).

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law. *Id.*

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 102-03 (internal quotation omitted).

## III. ANALYSIS

### A. Validity of Plea

Petitioner first claims that the trial court erred in denying his motion to withdraw his guilty plea. He asserts that his plea colloquy indicates that he did not understand the nature of the assault charge, that his counsel was ineffective for failing to ensure Petitioner understood the consequences of his plea, and that his cognitive impairment prevented him from entering a voluntary plea.

Initially, the Court observes that Petitioner has no federal constitutional right

6

to withdraw his guilty plea. *Hynes v. Birkett*, 526 F. App'x 515, 521 (6th Cir. 2013). Unless a habeas petitioner's guilty plea otherwise violated a clearly established constitutional right, whether to allow the withdrawal of his plea is discretionary with the state trial court. *Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005).

To satisfy due process, a guilty plea must be voluntarily and intelligently made. *Doyle v. Scutt*, 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004) (citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)). This requires that the defendant be made aware of the "relevant circumstances and likely consequences" of the guilty plea. *Hart v. Marion Correctional Institution*, 927 F.2d 256, 257 (6th Cir. 1991). If a defendant challenges a plea on habeas review, the State generally satisfies its burden by producing a transcript of the plea hearing to establish that the plea was made voluntarily. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. *Id.* Petitioner must overcome a heavy burden to overturn the state court.

The plea colloquy here supports the trial court's determination that Petitioner's plea was knowing and voluntary. Petitioner asserts that his testimony that he "just wasn't thinking" when he struck the victim in the head with a flashlight indicates that he did not understand the nature of the assault charge. But after Petitioner made this

statement, the court cleared up any potential claim of innocence when Petitioner acknowledged that he knew his conduct could result in serious injury. (ECF No. 9-8, Plea Transcript at PgID 158-59.)

The crime of assault with intent to commit great bodily harm is a specific intent crime under Michigan law requiring an "intent to do serious injury of an aggravated nature." *People v. Brown*, 267 Mich. App. 141, 147 (2005). Because  specific intent is difficult to prove, however, "[i]ntent to cause serious harm can be inferred from the defendant's actions." *People v. Stevens*, 306 Mich. App. 620, 629 (2014). Petitioner's testimony during the plea proceedings allowed for an inference that he intended to cause serious injury to the victim during the robbery,  and that he understood the essential nature of the charge to which he was pleading.

Petitioner next asserts that his cognitive impairments prevented him from voluntarily entering his guilty plea. To be competent to enter a guilty plea, a defendant must have the ability to consult with his lawyer with a reasonable degree of rational understanding and possess a rational as well as a factual understanding of the proceedings against him. *See, e.g.*, *Godinez v. Moran*, 509 U.S. 389, 396-99 (1993). Petitioner's allegations of incompetency were not supported in the state court with any medical or other records suggesting such an impairment. The trial court found during the post-conviction hearing that Petitioner's conduct at the plea proceeding indicated

that he was competent. A state court's conclusion regarding a defendant's competency to plead guilty is entitled to the presumption of correctness in habeas corpus proceedings. *Hastings v. Yukins*, 194 F. Supp. 2d 659, 670 (E.D. Mich. 2002). Petitioner has failed to overcome the presumption of correctness with clear and convincing evidence, as required by 28 U.S.C. § 2254(e)(1), because he continues to proffer no evidence that he was incompetent to plead guilty.

Finally, Petitioner asserts that his trial counsel was ineffective for failing to ensure that he understood the nature of proceedings or for failing to secure a more favorable plea deal. The record belies this claim. Petitioner was charged with being a fourth-time habitual felony offender, a designation that created the possibility of the court imposing a life sentence. *See* Mich. Comp. Laws § 769.12(1)(a). Meanwhile, the preliminary examination indicated that an eyewitness to the assault and robbery caught and detained Petitioner. Despite the strong evidence of his guilt and the possibility of a life sentence, Petitioner's counsel was able to negotiate a sentence agreement near the bottom of the sentencing guidelines. On this record, Petitioner fails to demonstrate that his counsel performed deficiently or that there is a reasonable probability that but for counsel's actions, Petitioner would not have plead guilty. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner's allegation that his counsel otherwise failed to investigate possible

defenses or failed to negotiate an even more favorable plea bargain also find no support in the record. It should go without saying that the absence of evidence cannot overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Burt v. Titlow*, 571 U.S. 12, 23 (2013). Petitioner's first claim is therefore without merit.

B. Reasonableness of Sentence

Petitioner's second claim asserts that his sentence was "unreasonable" under *People v. Lockridge*, 498 Mich. 358 (2015). The claim is not cognizable on federal habeas review.

In *People v. Milbourn*, 435 Mich. 630, 650-54 (1990), the Michigan Supreme Court held that a sentence must be proportional, and that a sentencing court must exercise its discretion within the bounds of the sentencing guidelines and take into account the nature of the offense and the background of the offender. In *Lockridge*, the Michigan Supreme Court altered this scheme to comply with developments in Sixth Amendment law by making the sentencing guidelines advisory rather than mandatory. 498 Mich. At 391-92. The Court stated that if a sentencing court exercises its discretion to depart from the advisory guidelines, the sentence must nevertheless be reasonable. *Id.* at 392. The court subsequently held that "reasonableness" as contemplated by *Lockridge* is determined by inquiring whether the sentence was

proportional under *Milbourn. People v. Steanhouse*, 500 Mich. 453, 471-72 (2017).

*Milbourn*, however, was decided under state, not federal, principles. *See Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). And a federal court may not grant habeas relief based on a perceived error of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Therefore, Petitioner's claim based on reasonableness under *Lockridge* is not cognizable.

Finally, any claim that Petitioner's sentence was disproportionate under the Eighth Amendment is also without merit. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment. *See Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case). Petitioner's 10 to 20 year sentence for armed robbery does not present the extraordinary case that runs afoul of the Eighth Amendment's ban on cruel and unusual punishment.

Because Petitioner's claims are without merit, the petition is denied.

## IV. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability issues. A certificate of appealability may

issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Here, jurists of reason would not debate the Court's conclusion that Petitioner has not met the standard for a certificate of appealability because his claims are devoid of merit. Therefore, the Court denies a certificate of appealability.

If Petitioner chooses to appeal the Court's decision, leave to proceed in forma pauperis is denied because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V. Conclusion

Accordingly, the Court 1) DENIES WITH PREJUDICE the petition for a writ of habeas corpus, 2) DENIES a certificate of appealability, and 3) DENIES

permission to appeal in forma pauperis.

IT IS  SO ORDERED.


Dated:  July 6, 2020                              s/Paul D. Borman
                                                  Paul D. Borman
                                                  United States District Judge